O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| AMERICAN EXPRESS CENTURION BANK, <br><br> Plaintiff, <br><br> v. <br><br> JOYCE JORDAN, <br><br> Defendant. | ED <br> Case No. CV 09-02345 DDP (OPx) <br><br> **ORDER TO SHOW CAUSE REGARDING SUBJECT MATTER JURISDICTION** |

On or about May 22, 2009, Plaintiff American Express Centurion Bank ("American Express" or "Plaintiff") sued Joyce Jordan ("Jordan" or "Defendant") in San Bernardino County Superior Court to collect $18,749.49 in unpaid debt.[1]  On or about November 23, 2009, Jordan filed a counterclaim against American Express and third party defendant Midland Funding, LLC ("Midland").  The counterclaim alleged, in relevant part, that Midland violated the Federal Fair Debt Collection Practices Act ("FDCPA") by using

---

[1] Plaintiff's exact allegations are impossible to discern because Midland Funding, LLC did not attach a copy of Plaintiff's complaint to its Notice of Removal.

1 | false, misleading or deceptive means to collect the aforementioned
2 | debt. (Ex. A ¶¶ 17-19.)
3 |       On December 29, 2009, Midland filed a Notice of Removal,
4 | invoking the Court's federal question jurisdiction.
5 |       Under the federal removal statute, a case may be removed to
6 | federal court if it is one over which the district court would have
7 | had original jurisdiction.  28 U.S.C. § 1441(a).  A federal court
8 | has original jurisdiction over claims "arising under" federal law.
9 | Id. § 1331.  The existence of federal question jurisdiction must be
10 | clear from a plaintiff's well-pleaded complaint.  Phillips
11 | Petroleum Co. v. Texaco Inc., 415 U.S. 125, 127-128 (1974).  A
12 | responsive pleading such as a counterclaim, cross-claim, or
13 | third-party claim cannot form the basis of federal question
14 | jurisdiction.  Holmes Group, Inc. v. Vornado Air Circulation Sys.,
15 | Inc., 535 U.S. 826, 831-832 (2002);  see Hunter v. Philip Morris
16 | USA, 582 F.3d 1039, 1042 (9th Cir. 2009) ("[T]he well-pleaded
17 | complaint rule provides that federal jurisdiction exists only when
18 | a federal question is presented on the face of the plaintiff's
19 | properly pleaded complaint.") (internal quotation marks omitted,
20 | emphasis added)).
21 |       The Court orders Midland to file, within fourteen (14) days of
22 | the date of this Order, a copy of American Express's complaint
23 | against Joyce Jordan.  Further, the Court orders all parties to
24 | file supplemental briefing, not to exceed eight (8) pages, within
25 | fourteen (14) days of the date of this Order, to show cause why
26 | this case should not be remanded to state court for lack of federal
27 | ///
28 | ///

Case 5:09-cv-02345-DDP-OP   Document 6   Filed 04/26/10   Page 3 of 3   Page ID #:45

subject matter jurisdiction.  If a party does not timely file a brief the Court will regard that party as consenting to remand.

IT IS SO ORDERED.

Dated: April 26, 2010

                                DEAN D. PREGERSON
                                United States District Judge