O

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN EXPRESS CENTURION BANK, <br><br> Plaintiff, <br><br> v. <br><br> JOYCE JORDAN, <br><br> Defendant. | Case No. EDCV 09-02345 DDP (OPx) <br><br> **Order Remanding Case to State Court** |

   On or about May 22, 2009, Plaintiff American Express Centurion Bank ("American Express" or "Plaintiff") sued Joyce Jordan ("Jordan" or "Defendant") in San Bernardino County Superior Court to collect $18,749.49 in unpaid debt. On or about November 23, 2009, Jordan filed a counterclaim against American Express and third party defendant Midland Funding, LLC ("Midland"). The counterclaim alleged, in relevant part, that Midland violated the Federal Fair Debt Collection Practices Act ("FDCPA") by using false, misleading or deceptive means to collect the aforementioned debt. On December 29, 2009 Midland removed the case to federal court on the basis of federal question jurisdiction.

On April 26, 2010, upon review of Midland's Notice of Removal, the Court ordered the parties to show cause why this case should not be remanded to state court for lack of federal subject matter jurisdiction.[1] (Dkt. No. 6.) In its Order, the Court stated the following:

> [T]he Court orders all parties to file supplemental briefing, not to exceed eight (8) pages, within fourteen (14) days of the date of this Order, to show cause why this case should not be remanded to state court for lack of federal subject matter jurisdiction. If a party does not timely file a brief the Court will regard that party as consenting to remand.

(Order at 2:23-28.) As of the date of this Order, no party has filed any briefing addressing the issues raised in the Court's Order to Show Cause. Accordingly, the Court regards all parties as consenting to remand. The Court therefore remands this case to San Bernardino County Superior Court.

IT IS SO ORDERED.

Dated: May 11, 2010

DEAN D. PREGERSON
United States District Judge

---

[1] A responsive pleading such as a counterclaim, cross-claim, or third-party claim cannot form the basis of federal question jurisdiction. Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 831-832 (2002); see Hunter v. Philip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009) ("[T]he well-pleaded complaint rule provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.") (internal quotation marks omitted, emphasis added)).